O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK FACE,                                )<br>                                           )<br>            Plaintiff,              )<br>                                           )<br>      v.                                  )<br>                                           )<br>MICHAEL J. ASTRUE,                 )<br>Commissioner of Social Security,   )<br>                                           )<br>            Defendant.              )<br>_____) | NO. EDCV 09-01508-MAN<br><br>MEMORANDUM OPINION<br><br>AND ORDER |

    Plaintiff filed a Complaint on August 13, 2009, seeking review of the denial by the Social Security Commissioner ("Commissioner") of plaintiff's application for disability insurance benefits ("DIB"). On November 18, 2009, the parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties filed a Joint Stipulation on March 11, 2010, in which: plaintiff seeks an order reversing the Commissioner's decision and awarding benefits or, in the alternative, remanding the matter for further administrative proceedings; and defendant seeks an order affirming the Commissioner's decision. The Court has taken the parties' Joint Stipulation under submission without oral argument.

Case 5:09-cv-01508-MAN   Document 18   Filed 08/26/10   Page 2 of 14   Page ID #:57

**SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

On January 31, 2002, plaintiff filed an application for a period of disability and DIB, alleging a disability onset date of May 10, 2001, due to diabetes, high blood pressure, and depression. (Administrative Record ("A.R.") 72-74, 90.) Plaintiff has past relevant work as a truck driver and school bus driver. (A.R. 100.)

The Commissioner denied plaintiff's application initially and upon reconsideration. (A.R. 47-50, 52-55.) On September 4, 2003, plaintiff, who was represented by counsel, testified at a hearing before Administrative Law Judge F. Keith Varni ("ALJ Varni"). (A.R. 27-44.) Joseph Mooney, a vocational expert, also testified. (A.R. 40-42.) On September 24, 2003, ALJ Varni denied plaintiff's application. (A.R. 9-14.) The Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision. (A.R. 3-4.)

On October 24, 2003, plaintiff filed a subsequent application for a period of disability and DIB.[1] (A.R. 209, 258.) On April 3, 2004, the application was granted, and the Commissioner determined that plaintiff has been disabled since September 24, 2003. (A.R. 452-55.)

On April 14, 2004, Plaintiff initiated a civil action in the United States District Court, Central District of California to appeal the September 24, 2003 decision, which had become the final decision of the

---

[1] The record does not specify the grounds for plaintiff's second application, but it does indicate that, in October 2003, plaintiff was diagnosed with HIV and hepatitis C. (A.R. 378.)

Commissioner. (A.R. 240.) On July 20, 2005, this Court reversed the Commissioner's decision on the basis that ALJ Varni failed to provide specific and legitimate reasons for rejecting the opinion of Dr. Theron Wells and needed to further develop the record by re-contacting Dr. Wells. (A.R. 240-54.) This Court remanded the matter for further proceedings consistent with its decision. (A.R. 255.) On February 28, 2006, the Appeals Council remanded the case for further proceedings consistent with the Court Order and, noting the grant of plaintiff's subsequent claim for disability, limited the proceedings to prior to September 25, 2003. (A.R. 258-59.) The Appeals Council directed the Administrative Law Judge to give further consideration to Dr. Wells' opinion and stated that he **may** contact Dr. Wells. (*Id.*)

On September 5, 2006, plaintiff testified at a hearing before ALJ Varni. (A.R. 360-65.) Sandra Fioretti, a vocational expert, also testified. (A.R. 361-64.) On October 27, 2006, without having re-contacted Dr. Wells, ALJ Varni again denied plaintiff's application. (A.R. 209-18.) On January 11, 2007, plaintiff initiated a civil action in this district to appeal the October 27, 2006, decision. (A.R. 489-90.) On July 26, 2007, the parties executed a Stipulation to Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and to Entry of Judgment. Pursuant to the parties' Stipulation, the Court entered judgment on July 26, 2007, ordering that, on remand, the Administrative Law Judge was to re-contact and/or contact plaintiff's treating physicians, namely, Dr. Wells, Dr. William H. Cherry, and Dr. Peterson (the "Stipulated Remand Order"). (A.R. 487-88.)

On February 13, 2009, plaintiff testified at a hearing before

Administrative Law Judge Lowell Fortune ("ALJ" or "ALJ Fortune"). (A.R. 387-404.) Troy Scott, a vocational expert, also testified. (A.R. 401-03.) On April 8, 2009, the ALJ denied plaintiff's application. (A.R. 369-81.)

**SUMMARY OF ADMINISTRATIVE DECISION**

The ALJ found that plaintiff did not engage in substantial gainful activity from May 10, 2001, the alleged onset date, through September 24, 2003. (A.R. 372, 381.) The ALJ determined that plaintiff had the following severe impairments: insulin-dependent diabetes mellitus; adjustment disorder; and methamphetamine abuse. (A.R. 372.) The impairments, including the substance abuse disorder, met sections 12.04 and 12.09 of 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ determined, however, that if plaintiff stopped the substance abuse, his impairments would not have met or equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (A.R. 373.)

The ALJ determined that had plaintiff stopped the substance abuse during the relevant period, he would have had the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 [C.F.R.] 404.1567(c) except [plaintiff] was precluded from climbing ladders, ropes, and scaffolds, and he should avoid working around unprotected heights or pools of water. [Plaintiff] was able to perform simple, repetitive, nonpublic tasks with no safety operations or responsibility for [t]he safety of others.

(A.R. 374.) The ALJ found that plaintiff was unable to perform his past relevant work. (A.R. 380.) Having considered plaintiff's age, education, work experience, and RFC, as well as relied on testimony from the vocational expert, the ALJ found that jobs existed in the national economy that plaintiff could have performed if he stopped his substance abuse, including cleaner, dishwasher, and handpacker. (A.R. 380-81.)

Accordingly, the ALJ concluded that plaintiff, had he stopped the substance abuse, was not disabled, as defined in the Social Security Act, from May 10, 2001, through September 24, 2003. (A.R. 381.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). While inferences from the record can constitute substantial evidence, only those "'reasonably drawn from the record'" will suffice. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006)(citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that

detracts from the [Commissioner's] conclusion." <u>Desrosiers v. Sec'y of Health and Human Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); *see also* <u>Jones v. Heckler</u>, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." <u>Orn</u>, 495 F.3d at 630; *see also* <u>Connett</u>, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" <u>Robbins v. Soc. Sec. Admin.</u>, 466 F.3d 880, 885 (9th Cir. 2006)(quoting <u>Stout v. Comm'r</u>, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* <u>Burch</u>, 400 F.3d at 679.

**DISCUSSION**

Plaintiff alleges the following three issues: (1) whether the ALJ complied with this Court's order requiring him to re-contact Dr. Theron Wells; (2) whether the ALJ complied with this Court's order requiring him to re-contact Dr. William H. Cherry; and (3) whether the ALJ complied with this Court's order requiring him to contact Dr. Peterson. (Joint Stipulation ("Joint Stip.") at 3.) Because the three issues are

similar, the Court will address these issues as one.

**I.  The ALJ Erred By Failing To Comply With the Court's Remand Order Regarding Dr. Wells and Dr. Cherry, But Did Not Err Regarding Dr. Peterson**.

The Code of Federal Regulations sets forth the procedure for adjudication of social security disability claims. "When a Federal Court remands a case to the Commissioner for further consideration, the Appeals Council" may make a decision or remand to an administrative law judge with instructions. 20 C.F.R. § 404.983. The Appeals Council may remand a case "in which additional evidence is needed or additional action by the administrative law judge is required." 20 C.F.R. § 404.977(a). Once the Appeals Council remands the case, the administrative law judge shall take any action ordered by the Appeals Council and any additional action not inconsistent with the remand order. 20 C.F.R. § 404.977(b).

On July 26, 2007, the Court remanded the case pursuant to the Stipulated Remand Order, which required the ALJ to: (1) pursuant to the Court Order dated July 20, 2005, re-contact Dr. Wells for all treatment records, to seek clarification regarding his opinion that plaintiff had a poor ability to adapt to work-like situations and to determine whether plaintiff's visual hallucinations resulted from his prior drug use; (2) contact Dr. Peterson for any mental health treatment records; (3) obtain any updated treatment records from Dr. Cherry and provide further evaluation of his opinion; and (4) reconcile the two previous decisions with regard to the period, if any, when plaintiff may have abused drugs.

1  (A.R. 487-88.)  On December 13, 2007, the Appeals Council remanded the
2  case to an administrative law judge directing him, in relevant part, to:
3  (1) contact Dr. Wells; (2) obtain the treatment records of Dr. Peterson;
4  and (3) give consideration to the opinions of Dr. Wells and Dr. Cherry
5  (the "Appeals Council Remand Order").  (A.R. 493-95.)

7  On October 26, 2008, the ALJ sent a letter to plaintiff's counsel,
8  requesting that he submit the current mailing addresses for Dr. Wells,
9  Dr. Peterson, and Dr. Cherry.  (A.R. 496.)  On November 28, 2008, the
10 ALJ sent plaintiff's counsel a subsequent letter stating that he had not
11 received the mailing addresses of the physicians as requested in his
12 letter dated October 26, 2008, and that if he did not receive them in 20
13 days, he would "consider each doctor to be unlocatable, and their
14 medical records not retrievable."  (A.R. 497.)  Plaintiff's counsel
15 again failed to respond.  Consequently, the ALJ held a hearing and
16 issued a decision denying the application.  (A.R. 387-404, 369-81.)  In
17 his decision, the ALJ stated that the Court had directed him to re-
18 contact Dr. Wells, Dr. Peterson, and Dr. Cherry, but that the "doctors
19 were not locatable and the medical records were not retrievable."  (A.R.
20 377.)

22 Plaintiff argues that the ALJ did not make a diligent effort to
23 comply with the Appeals Council Remand Order.  (Joint Stip. at 5, 14-
24 15.)

26 **A.  <u>The ALJ Erred By Failing To Contact Dr. Wells and Dr. Cherry</u>.**

28 The ALJ's failure to comply with the Stipulated Remand Order and

8

related Appeals Council Remand Order with respect to Dr. Wells and Dr. Cherry constitutes error.  As the ALJ acknowledged, these remand orders clearly directed the ALJ to contact Dr. Wells and Dr. Cherry.  (A.R. 377.)  Contrary to the Commissioner's contentions, solely writing two letters to plaintiff's counsel to obtain current addresses is insufficient and unreasonable.  (Joint Stip. at 7, A.R. 496-97.)  The ALJ could have obtained the addresses from the medical records.  (*See, e.g.*, A.R. 153, 178.)  Even if the physicians no longer worked at those locations, their former employers may have possessed the treatment records needed and/or provided the ALJ with the physicians' current addresses.  The ALJ also could have attempted to find the contact information in a phone book or on the internet and/or through the Medical Board of California.

Plaintiff's counsel is not without blame and offers no explanation for his failure to respond to the two letters from the ALJ.  The fact that plaintiff's counsel was delinquent in his duties, however, does not absolve the ALJ of his duty to comply with the Stipulated Remand Order.  In social security cases, the law is well-settled that the ALJ has an affirmative "'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001)(citations omitted).  "This duty extends to the represented as well as to the unrepresented claimant." *Id.; see also* Celaya v. Halter, 332 F.3d 117, 1183 (9th Cir. 2003) (noting that the ALJ has an affirmative "duty to fully and fairly develop the record and to assure that the claimant's interests are considered . . . even when the claimant is represented by counsel")(ellipsis in original; quoting Brown v. Heckler, 713 F.2d 441,

443 (9th Cir. 1983)). Further, the ALJ has a duty "to scrupulously and conscientiously probe into, inquire of, and explore all the relevant facts" by procuring the necessary, relevant treatment records. Higbee v. Sullivan, 975 F.2d 558, 561-62 (9th Cir. 1991)(citation omitted). Here, the ALJ was directed to contact Dr. Wells and Dr. Cherry to supplement the record, yet made no reasonable effort. *See, e.g.*, Rachal v. Astrue, 2008 WL 2620354, *3 (C.D. Cal. June 30, 2008)(finding that the ALJ erred by failing to comply with the remand order directing him to re-contact the treating physician).

The Commissioner contends that even if the ALJ's actions failed to meet his duty to develop the record diligently, they were harmless. (Joint Stip. at 10.) The Court disagrees.

In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(d)(1)-(2). The opinions of treating physicians are entitled to the greatest weight, because the treating physician is hired to cure and has a better opportunity to observe the claimant. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ relied primarily on the opinions of examining and State Agency Review physicians to reach his decision. (A.R. 378-80.) As such, any additional evidence obtained from plaintiff's treating physicians could impact the decision, because the opinions of treating

physicians are given the greatest weight. Holohan, 246 F.3d at 1202. Further, this Court already has found that the evidence provided by the treating physicians was ambiguous and inadequate. Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)("The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous."). As the Court clearly stated in its first remand order of July 21, 2005, the evidence "is unclear as to what Dr. Wells' opinion (*viz.*, that [p]laintiff has a 'poor' ability to adapt to work-like situations) means in terms of specific limitations that would affect [p]laintiff in the workplace." (A.R. 251.) Thus, clarification is vital. Dr. Wells, as a treating psychiatrist, can also provide insight as to whether plaintiff abstained from further substance abuse, and his "records could shed further light on his opinions, observations, and diagnoses." (A.R. 251-52.) The Court further noted that the diagnoses and observations of Dr. Cherry, also a treating physician, supported Dr. Wells' opinion. Dr. Cherry treated plaintiff's physical problems and diagnosed him with depression. (A.R. 242, 250.)

Given that the ALJ found that plaintiff had the severe impairments of an adjustment disorder and methamphetamine abuse (A.R. 372), any additional evidence obtained from Dr. Wells and Dr. Cherry would help clarify whether plaintiff's mental impairments resulted solely from his substance abuse. Upon contact with the physicians, the ALJ's analysis may ultimately prove to be correct, but he has not yet fulfilled his duty to develop the record and obtain all available information. Accordingly, the ALJ erred by failing to comply with the Stipulated Remand Order and related Appeals Council Remand Order.

      **B.**    **The ALJ's Attempt To Contact Dr. Peterson Was In Compliance With The Remand Order.**

The ALJ's attempt to contact Dr. Peterson, plaintiff's treating psychiatrist, was reasonable. Unlike the information readily available with respect to Dr. Wells and Dr. Cherry, the ALJ did not have sufficient information to make further attempts to contact Dr. Peterson. The sole reference to Dr. Peterson in the record occurred in a Complete Psychiatric Evaluation, dated July 24, 2006. (A.R. 331-37.) During this evaluation, plaintiff informed the examining psychiatrist that he was being treated by Dr. Peterson. (A.R. 332.) Plaintiff did not state Dr. Peterson's first name, at which hospital or with which group he practiced, or in which city he is located.

The ALJ cannot contact a physician when he does not have any information other than a last name and specialty. The ALJ sent two requests to plaintiff for Dr. Peterson's current address. (A.R. 496-97.) Plaintiff's counsel failed to respond and has provided no explanation for his failure. Given the ALJ's lack of information, the ALJ's attempt was reasonable.

Accordingly, the ALJ complied with the Stipulated Remand Order directing him to contact Dr. Peterson.

**II. Remand Is Required.**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion.

Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.* at 1179-81.

Here, outstanding issues remain with respect to the effect of plaintiff's substance abuse. Accordingly, remand is the appropriate remedy to allow the ALJ the opportunity to remedy the above-mentioned deficiencies and errors. *See, e.g.*, Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004)(remand for further proceedings is appropriate if enhancement of the record would be useful); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989)(remand appropriate to remedy defects in the record).

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel

for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 26, 2010

                                       /s/ Margaret A. Nagle
                                       MARGARET A. NAGLE
                                   UNITED STATES MAGISTRATE JUDGE